IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANJAY BAKSHI,

    Plaintiff,

  v.

BAYER HEALTHCARE, LLC,

    Defendant.
_____/

No. C07-00881 CW

ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND TO REMAND

    Plaintiff Sanjay Bakshi moves pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend his complaint to add an additional Defendant, and to remand the case. Adding the additional Defendant would defeat diversity jurisdiction and this case would have to be remanded for lack of subject matter jurisdiction. Defendant Bayer Healthcare, LLC, opposes the motions. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motions for leave to amend the complaint and to remand.

### BACKGROUND

    The following facts are alleged in Plaintiff's complaint. Plaintiff was employed by Defendant. On June 6, 2005, Plaintiff injured his back while working at home. A few weeks later, Plaintiff returned to his job. However, due to the severity of his back injury, Plaintiff returned to work with physical work restrictions from his doctor. Plaintiff's immediate supervisor, James Glover, ignored Plaintiff's requests for limited job duties

and told him to get the job done regardless of his physical limitations.  Glover retaliated against Plaintiff by increasing the physical demands on Plaintiff.

In early September, 2005, Plaintiff received a letter from the administrator of Defendant's disability program stating that Defendant would honor Plaintiff's work restrictions.  However, due to the physical demands imposed on Plaintiff by Glover and Defendant's failure to accommodate his disability, Plaintiff never fully recovered from his injury.  In mid-September, 2005, Plaintiff's physician instructed him not to return to work until he had fully recovered to avoid further aggravation of his injury.

Defendant authorized disability leave for Plaintiff through December 26, 2005.  On or about December 21, 2005, Plaintiff's doctors cleared him to return to work with restrictions.  Plaintiff notified Defendant via facsimile that he was cleared to return to work, but Defendant never responded.  On January 30, 2006, Plaintiff received a letter from Defendant notifying him that his employment was terminated because of his current medical restrictions.

Plaintiff filed a complaint against Defendant on January 23, 2007, in the Superior Court of California, Alameda County.  Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b) on grounds of diversity jurisdiction on February 12, 2007.  Plaintiff does not dispute that removal was proper.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely

2

given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."  <u>Id.</u>; <u>DCD Program, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

Title 28 U.S.C. § 1447(e) provides that, if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Permitting joinder of non-diverse defendants in a removed action divests a district court of jurisdiction if diversity is the sole basis for subject matter jurisdiction.  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing <u>Desert Empire Bank v. Insurance Co. of North America</u>, 623 F.2d 1371, 1374 (9th Cir. 1980)).

Once a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court.  <u>Clinco v. Roberts</u>, 41 F. Supp. 2d 1080, 1086-87 (N.D. Cal. 1999).  Therefore, a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper; in other words, 28 U.S.C. § 1447(e) applies and the logic and policy of Rule 15(a) do not apply.  <u>Id.</u>

The Ninth Circuit has urged trial courts to "look with particular care at such motive in removal cases, when the presence

3

of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." Desert Empire, 623 F.2d at 1376.  When a party seeks to join diversity-destroying defendants, courts generally look at six factors.  Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000); IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, et. al., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006).  The six factors are

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini, 193 F.R.D. at 658.

## DISCUSSION

Plaintiff seeks to amend his complaint to name Glover as a defendant.  Plaintiff acknowledges that adding Glover will destroy diversity and will require the Court to remand the action to state court.

Defendant argues that leave to amend should be denied because Plaintiff's primary motive in seeking to amend his complaint is to destroy diversity.

I.  Palestini Factors

When a party seeks to join diversity-destroying defendants, the Court addresses the six factors set forth in Palestini, 193

4

F.R.D. at 658.

A. Compulsory Joinder

Federal Rule of Civil Procedure 19 provides that joinder is required of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests. IBC Aviation, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. Pro. 19). Such a

> necessary party is one "having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." This standard is met when failure to join will lead to separate and redundant actions.

Id. (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 910, 912 (9th Cir. 1991)).

Whether a party is necessary under Rule 19 is a factor to be considered, but the standard for joinder under 28 U.S.C. § 1447(e) is less restrictive than the standard for joinder under Rule 19. Id. (citing Trotman v. United Parcel Serv., 1996 WL 428333, *1 (N.D. Cal. 1996). Courts do not allow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief. Id.

California Government Code section 12940(h) provides that it is an unlawful employment practice for "any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [the California Fair Employment and Housing Act (FEHA)] or because the person has filed a complaint, testified, or assisted in any proceeding under [the

5

FEHA]."  This statute has been interpreted to provide that an individual supervisor can be held liable for retaliation under the FEHA, separate and distinct from the liability incurred by an employer.  Page v. Superior Court, 31 Cal. App. 4th 1206, 1211-12 (1995).

Plaintiff alleges that Glover's instructions to Plaintiff were the main cause of Plaintiff's further injuries.  Erlich Dec., Ex. A ¶ 29.  Plaintiff additionally alleges that Glover's instructions were in retaliation for Plaintiff's request for accommodation and need for medical leave.  Id.

Defendant argues that Glover is not a necessary party under Rule 19(a).  Defendant argues that Plaintiff can obtain complete relief without joinder of Glover because, under the principle of respondeat superior, liability for Glover's actions is imputed to Defendant.  Under California Government Code section 12926(d), an employer is defined to include "any person acting as an agent of an employer, directly or indirectly."  However, in addition to Defendant's potential liability, Glover could be personally liable for retaliation.

Defendant cites Bonner, 461 F. Supp. 2d at 1120, for the proposition that Plaintiff may obtain complete relief from Defendant.  However, the defendants that Bonner sought to add to her complaint were already parties to the litigation because the named defendant had filed a third-party complaint against them.  Id. at 1114-15.  In the present case, Glover is not a named party.

Furthermore, Glover is not tangentially related to the cause of action; he is directly related to the cause of action.

6

Denying Plaintiff's motion for leave to amend would hinder Plaintiff in asserting his rights against Glover, who was allegedly directly involved in the retaliatory conduct.

B. Statute of Limitations

Plaintiff does not argue that a separate action in state court against Glover would be time-barred. However, requiring Plaintiff to litigate the same issues in state and federal court would waste judicial resources. It would also risk inconsistent results because Defendant is under an obligation to indemnify Glover under California Labor Code section 2802 for all necessary expenditures or losses incurred by him in direct consequence of the discharge of his duties, or of his obedience to the directions of the employer.

C. Unexplained Delay

Plaintiff filed his complaint in state court on January 23, 2007. Defendant removed the case to this Court on February 12, 2007. Plaintiff moved to amend the complaint and remand on March 19, 2007.

Plaintiff argues that the motion to amend the complaint was timely because it was made within thirty-five days of the notice of removal.

Citing Bonner, Defendant argues that courts also consider whether there is an explanation for the passage of time. Bonner, 461 F. Supp. 2d at 1120 (Bonner failed to explain why she waited until after removal to add diversity-destroying defendants). Plaintiff did mention Glover in the original complaint. Notice of Removal, Ex. A, ¶¶ 30-31, Docket No. 1. Plaintiff explains that he did not include Glover in the original complaint because California

7

1  law was not clear as to whether an individual supervisor could be
2  held liable for retaliation under the FEHA.  Plaintiff cites three
3  cases that allegedly clarified this point of California law:
4  <u>Taylor v. City of Los Angeles Dept. of Water & Power</u>, 144 Cal. App.
5  4th 1216, 1237 (2006); <u>Ross v. San Francisco Bay Area Rapid Transit</u>
6  <u>Dist.</u>, 146 Cal. App. 4th 1507, 1517 (2007); and <u>Jones v. Lodge at</u>
7  <u>Torrey Pines Partnership</u>, 147 Cal. App. 4th 475, 500-504 (2007).
8     However, prior to time of the filing of the present complaint,
9  California Court of Appeal cases held that an individual supervisor
10 can be held liable for retaliation under the FEHA.  <u>Page</u>, 31 Cal.
11 App. 4th at 1211-12; <u>Matthews v. Superior Court,</u> 34 Cal. App. 4th
12 598, 603 (1995); <u>Walrath v. Sprinkel</u>, 99 Cal. App. 4th 1237, 1241-
13 42 (2002) (both California courts and federal courts have held the
14 FEHA "to allow individual liability for retaliatory acts by
15 supervisors"); <u>Taylor</u>, 144 Cal. App. 4th at 1237.  <u>Taylor</u> was
16 decided on November 20, 2006, over two months before this case was
17 filed in state court on January 23, 2007.
18    Plaintiff's delay in seeking to add Glover is unexcused.
19    D.  Motive
20    Defendant argues that Plaintiff's motive for seeking joinder
21 is to destroy diversity.
22    "The legislative history to § 1447(e) . . . suggests that it
23 was intended to undermine the doctrine employed by some courts that
24 amendments which destroyed diversity were to be viewed with
25 suspicion."  <u>IBC Aviation</u> 125 F. Supp. at 1012 (citing <u>Trotman</u>,
26 1996 WL 428333, at *1); <u>see</u> <u>also</u> <u>Righetti v. Shell Oil Co.</u>, 711 F.
27 Supp. 531, 535 (N.D. Cal. 1989) ("Nor does the court find that
28

8

**United States District Court**
For the Northern District of California

section 1447(e) requires an inquiry into the plaintiffs' motive for adding a non-diverse defendant."); but see Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (plaintiff's suspected motive to join defendant to defeat diversity did not support granting joinder); Buttons v. NBC, Inc., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994) (plaintiff's primary motive to join defendants was to destroy diversity; this and other factors favored denial of plaintiff's motion).

Because Plaintiff has no valid reason for failing to include Glover in his original complaint, the Court finds that the primary reason for seeking to add him now is to destroy the Court's diversity jurisdiction.

E.  Validity of Claims

Defendant argues that the claims against Glover have no merit because liability for Glover's actions is imputed to it under the principle of respondeat superior and it can satisfy any judgment to which Plaintiff may be entitled under his claim of retaliation.

As noted above, an individual supervisor can be held personally liable for retaliation under the FEHA.  Thus, the claims against Glover are not invalid.

F.  Prejudice

Citing Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1987), Defendant argues that Plaintiff would suffer no prejudice because he seeks only monetary damages.  Defendant argues that Glover is currently employed by Defendant and does not need to be subpoenaed to give testimony at deposition or trial in this action, and that nothing prevents Plaintiff from proceeding

9

separately against Glover in state court.

However, denying Plaintiff's Motion to Amend would be prejudicial to Plaintiff. It would require him to either abandon the potential claims against Glover or to commence litigation in state court against Glover. Furthermore, allowing Plaintiff to amend would not prejudice Defendant, except in the choice of forum, because the present case is in its early stages.

## II. Weighing Factors

Several factors weigh in favor of granting Plaintiff's motion for leave to amend the complaint. However, Plaintiff did not explain the delay in attempting to add Glover as a defendant and his primary motive appears to be to destroy diversity jurisdiction.

## CONCLUSION

Accordingly, Plaintiff's motion for leave to amend the complaint and motion to remand are DENIED.

IT IS SO ORDERED.

Dated: 4/26/07

*Claudia Wilken*

CLAUDIA WILKEN
United States District Judge